# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JOWELL TRAVIS LEGENDRE,** | ) | CASE NO. 7:19CV00686 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| **DETECTIVE E. MONEY, ET AL.,** | ) | By: Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

Jowell Travis LeGendre, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that police have violated his constitutional right to equal protection by refusing to prosecute the woman who has accused him of crimes. Upon review of the record, the court finds that the action must be summarily dismissed.

## I.

LeGendre's submissions allege the following sequence of events on which he bases his claim. He is a pretrial detainee at the Albemarle Charlottesville Regional Jail. LeGendre, who is black, claims that a white woman "attacked and cut [him] with a knife" and that the police allowed her "to press a number of serious charges against [him] with a story full of holes and lies." Compl. 2-3, ECF No. 1. LeGendre then filled out a criminal complaint against the woman and went before a magistrate. After reading the complaint, the magistrate said that it would result in felony charges and that LeGendre would have to appear in court, to which he agreed. The magistrate then called the Charlottesville Police Department ("CPD") to authorize the warrant. Two officers came to interview LeGendre, who told them all that he could about the incident. One of them, Detective Money, told LeGendre, "We're not going to help you with this." Compl. Attach. 1, ECF No. 1-1.

LeGendre filed a CPD Citizen Complaint Form against the detective, contending that his decision not to prosecute LeGendre's criminal complaint against the woman was race discrimination. LeGendre stated, "A white woman was able to get me locked away with her testimony alone but a black man with evidence that she lied and assaulted him can't even get an investigation." Id. A CPD lieutenant spoke with LeGendre about his complaint. A few weeks later, the lieutenant notified him that the CPD investigation of his complaint was completed and that "the evidence and statements collected . . . [did] not sufficiently support" his discrimination claim against the detective. Id. at 5. LeGendre asserts, "Had they treated my criminal complaint as they treated my attacker's, the investigation process would have led to her arrest and my release, but instead I am held in jail." Compl. 3, ECF No. 1. LeGendre also complains that the jail is not equipped to address his back and nerve pain and that he has been prescribed increasing dosages of medication for depression, anxiety, and insomnia.

LeGendre filed this § 1983 action, alleging that these events constituted race discrimination, in violation of the Equal Protection Clause of the Fourteenth Amendment. He sues the CPD and the detective who interviewed him, seeking an investigation and monetary damages for his pain and suffering.

II.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). In order to state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The Equal Protection Clause "does not take from the States all power of classification, but keeps governmental decision makers from treating differently persons who are in all relevant respects alike." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (citation and internal quotation marks omitted). Thus, to prove an equal protection claim, LeGendre "'must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination.'" Id. (quoting Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001)).

LeGendre's equal protection fails on the first facet of the analysis. He has not demonstrated that he and the woman were similarly situated in all respects relevant to CPD officials' decision to prosecute their criminal complaints or not. LeGendre's facts do not include any information about the nature of the woman's claims against him or her criminal history, which can adversely affect a complainant's credibility. Similarly, he provides almost no information about the circumstances on which he based his criminal complaint against the woman. Thus, the court cannot find that he has met the requirement of showing how he was similarly situated to the woman.

LeGendre also has not satisfied the requirement to show purposeful discrimination. To state an actionable § 1983 claim of race discrimination, an inmate must present more than conclusory allegation of racism or discrimination. Chapman v. Reynolds, 378 F. Supp. 1137, 1140 (W.D. Va. 1974). He must allege facts establishing that a "discriminatory purpose was a motivating factor" in the challenged, official decision. Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 266 (1977). "[A]bsent some factual evidence the court will not look behind the determinations of prison officials on mere accusations that they are racially motivated." Chapman, 378 F. Supp. at 1140. LeGendre

3

provides no such factual support for his race discrimination claim. At the most, he alleges that he is black and did not have his criminal complaint prosecuted, while a white woman's criminal complaint against him is being prosecuted. He provides no factual basis to support a reasonable inference that the official decision not to prosecute his complaint was based on his race, rather than on a legitimate, nondiscriminatory factor, such as the totality of the evidence already collected by authorities to support the charges that stemmed from the woman's complaint against him.

For the reasons stated, the court will dismiss LeGendre's complaint without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim. An appropriate order will issue herewith. Dismissal without prejudice leaves LeGendre free to refile his claims in a new and separate civil action if he can correct the deficiencies described in this opinion.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

**ENTER:** This 30th day of October, 2019.

/s/ Jn Conrad
Senior United States District Judge